Case 3:16-cr-00039-RLY-CMM   Document 689   Filed 05/30/24   Page 1 of 4 PageID #: 3016

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
Kenneth Ware, Jr.

Case No: 3:16-cr-39-5
USM No: 15374-028

Date of Original Judgment: 1/14/2019
Date of Previous Amended Judgment: N/A
*(Use Date of Last Amended Judgment if Any)*

Pro se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 01/14/2019 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 05/30/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cr-00039-RLY-CMM |
| | ) | |
| KENNETH WARE, JR., | ) | -05 |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant Kenneth Ware Jr. moves to reduce his 200-month sentence under 18 U.S.C. § 3582, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (Filing No. 674). For the reasons set forth below, the court **DENIES** Ware's motion.

**I.      Background**

Ware pleaded guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. (Filing No. 512, Judgment). Ware was assessed an offense level of 35. (Filing No. 482, Presentence Investigation Report ¶ 31). His criminal history score was 18. (*Id.* ¶ 62). Ware did not receive any status points for committing the offense while under a criminal justice sentence. (*See id.* ¶¶ 62–63). His criminal history score of 18 would have placed him in criminal history category VI. (*Id.* ¶ 62). In any event, Ware was a career offender, which placed him in criminal history category VI. (*Id.* ¶ 63). The resulting guidelines range was 292 to 365 months.

1

(*Id.* ¶ 101). The court ultimately sentenced Ware to 200 months' imprisonment. (Judgment).

## II. Legal Standard

The court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the 18 U.S.C. § 3553(a) statutory factors in deciding whether and how to reduce a sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

## III. Discussion

Ware requests that the court reduce his sentence pursuant to Amendment 821, Part A.

Part A of Amendment 821 reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point, if the defendant received seven or more criminal history points, or zero points, if the defendant received six or less criminal history points. U.S.S.G. § 4A1.1(e). However, Ware received no status points. (*See* Presentence Investigation Report ¶¶ 62–63). As such, Part A does not reduce his criminal history points or the resulting guidelines range. Moreover, Ware was placed in criminal history category VI because he was a career offender. (*Id.* ¶ 63). Thus, even if Ware could receive a

reduction in his criminal history points, he would still be in criminal history category VI. U.S.S.G. § 4B1.1(b).  As such, the applicable guidelines range would remain 292 to 365 months.  Because Part A does not reduce Ware's guidelines range, he is not eligible for a sentence reduction.  *See id.* § 1B1.10(a)(2)(B) (stating a sentence reduction is not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

Because a sentence reduction is not allowed under the circumstances, the court does not reach the 18 U.S.C. § 3553(a) factors.  Ware's 200-month term of imprisonment remains as imposed at sentencing.

## IV.    Conclusion

Ware's Motion for Sentence Reduction (Filing No. 674) is **DENIED**.

**IT IS SO ORDERED** this 30th day of May 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Kenneth Ware
Reg. No. 15374-028
FCI Memphis
Federal Correctional Institution
P.O. Box 34550
Memphis, Tennessee 38184